Thank you and good morning again. I'm Assistant Attorney General Cat Hodge and in this matter I represent the appellants which are all Brian Doss, Karen Hardesty, and Carol McFarland who are employees of the Department of Community Correction. I'll refer to them in the collective as the DCC. The DCC urges this court to reverse the district court's denial of their motion for summary judgment and the finding that they are not entitled to qualified immunity in this matter. Noting first that jurisdiction before this court is proper because they raised qualified immunity in the district court at least five times and the district court's motion both addresses and rules on the issue of qualified immunity. Pretty briefly and in a footnote, right? It was briefly. What this court's decisions in Ferguson and Washington v. Wilson provide is that all this court requires is a ruling on the motion for summary, the issue of qualified immunity and so Mr. Berry's argument misunderstands this court's decisions in Ferguson and Washington v. Wilson. Beginning with Washington v. Wilson, this court declined jurisdiction because the court's order was completely silent on the issue of qualified immunity. The Washington decision cites their Kruger v. Furr case and this court held that it prefers a more thorough analysis of qualified immunity but where the court's order expressly addresses and then jurisdiction. Just turning quickly back to the Ferguson decision, this court has already rejected Mr. Berry's arguments that the qualified immunity was not properly raised in the district court and in Ferguson said that it refused to throw the baby out with the bathwater and that this court declined to go that far. Noting that references to qualified immunity were mentioned in the first paragraph of the officer's motion for summary judgment and also that qualified immunity was peppered throughout the suggestions. Here in the district court, qualified immunity was raised five separate times beginning in the answer and the motion for summary judgment incorporates by reference the brief and support. The brief raises qualified immunity and then after the district court entered the recommended disposition in its objections, DCC again briefed the issue of qualified immunity. I believe a reading of this court's decision in Ferguson leaves no question that qualified immunity has been properly raised in the district court. I'll turn my attention to the merits on qualified immunity. Because it has been properly raised in the district court and ruled on, this court has jurisdiction to reverse the district court's decision. As I understand your argument, it's essentially that Doss, McFarland and Hardesty were unaware of the threats or the incidents that occurred after October 6th. That is correct, your honor. Let's assume that they had been aware of these incidents and either did nothing or imposed sanctions, they'd be in violation of a clearly established right, right? No, your honor. Why not? Because those facts would not support an eighth amendment violation. Wouldn't be enough for a failure to protect? No, your honor. For a couple of reasons. DCC urges this court, and I'll answer your question first and come back to this, to ignore the allegations in the complaint, in amended complaint. Even if this court considered the allegations in the amended complaint post October 6th, at best, Mr. Berry has alleged that an inmate named Cohen shook his genitalia at him. That another inmate made loose comments to him. And that another inmate approached him with a verbal threat. And this court has held on many occasions, including in Jackson versus Everett, that rude behavior and verbal threats do not in and of themselves constitute constitutional violations. And so even if they were aware of those, Mr. Berry's allegations would still fail to rise to the level of a constitutional violation. Even if this court thought that a complaint about an inmate shaking his genitalia in a lone threat constituted a constitutional violation, the undisputed facts demonstrate that the DCC officials did not disregard that. As your honor mentioned, there were sanctions imposed. No, no, no. I was talking about incidents after that for which he says I was reprimanded or sanctions were imposed. In fact, a reading of his amended complaint. Let me take two steps back, your honor, before we get to the merits of the qualified immunity, because I think this argument informs the latter argument. The district court erred in finding that there were material facts in dispute for several reasons. One, Mr. Berry didn't even respond to the DCC's motion for summary judgment. He failed entirely to controvert the facts that's submitted by the DCC in their motion for summary judgment. Faced with this reality, the district court then relied on both the original complaint and the amended complaint as if they were properly sworn affidavits and used that to controvert the statement of facts. And both of those decisions was erroneous. It is well settled that once an amended complaint is filed, the original complaint is a nullity and has no legal effect. Admittedly, the original complaint was sworn, but once the court ordered Mr. Berry to file that amended complaint, docket entry number two has no legal effect and can't be used to controvert the motion for summary judgment. The second problem is Mr. Berry's amended complaint is not verified. It's not signed or sworn under a penalty of perjury. And therefore, the trial court could not use the amended complaint to controvert the defendant's motion for summary judgment. In essence, Mr. Berry has failed to introduce facts demonstrating that he was subjected to a constitutional violation. The trial court's order takes issue with the fact that separate appellants Hardesty and McFarland did not enter into the record their own affidavits. But as Mr. Berry concedes, this case is limited solely to the allegations that occurred after October 6th. There are no allegations in the record that Mr. Berry informed Hardesty or McFarland of any incident that occurred after October 6th. Even if this court read the complaint just to ascertain what his allegations were, what Mr. Berry's allegations were, and if the court and reviewing in conjunction the amended complaint exhibit A attached to DCC's motion for summary judgment, which is the statement he filed, it is clear that all of the allegations that he made that involved McFarland and Hardesty occurred and were addressed at that October 6th meeting. There are no allegations pertaining to those two appellees, and so they did not need to put an affidavit in the record. They're not required to controvert a non-existent fact. And you say it's non-existent because it's it is in the amended complaint, is it not? In the amended complaint, there are no allegations of knowledge on behalf of Hardesty and McFarland post-October 6th. It is completely silent. If you read the amended complaint, Mr. Berry alleges that after the October 6th meeting, he had a conversation with a DCC employee who was not a party to this action, that on October 14th, he made some complaints to security members who are not parties to this action. He alleged on the 15th that Cone shook his genitals at him, but he doesn't allege that he reported that activity to anyone. And then he alleges on October 22nd that Brewer threatened to beat him up. He doesn't expressly allege that he reported that to any of the appellees, but he does mention that Doss wanted this incident to be squashed. So even reading the amended complaint, there aren't any allegations specifically against Hardesty and McFarland post-October 6th. Counsel, even though the original complaint is no longer valid as a complaint once the amended complaint was filed, the original complaint was verified and so it does count as an affidavit under Ward v. Moore, doesn't it? And isn't it still an evidence as affidavit? No, Your Honor. It's the original complaint is null and void. It has no legal effect. Even as an affidavit? That is the appellant's position, yes, Your Honor. Well, what about the general principle that we admonish district courts to construe pleadings by pro ses liberally? Yes. And I don't know that we want to get in the business of telling district courts how to handle pro se prisoner complaints and when they can and cannot consider a verified complaint and whether they have to hold them to the strict letter of the rule about responding to motions for summary judgment. It's not something we normally want to get into. Your Honor, the district court in its order requesting that Mr. Berry respond to motion for summary judgment cites the statute that requires that affidavits be sworn under a penalty of perjury. And that's a legal issue that this court can certainly find that the affidavit did not comply with the federal statute that requires that affidavits be sworn under a penalty of perjury. And to answer your first question, Molloy, I'm sorry, Judge Molloy, pleadings are to be liberally construed generally. That applies in determining whether or not the appellant has has stated a claim. Rule 56 of the rules of civil procedure in this court's precedent require that mere allegations that a non-movement movement, a non-movement to a motion for summary judgment meet proof with proof. And so even liberally construing his pleadings where they only state allegations would be insufficient to overcome a motion for summary judgment under both the federal rules in this court's case law. What about the district court seemed to be concerned about the fact that you never talked about anything other than October 6th and they thought you were relying solely on that incident. The district court's order does reference that. On appeal, as I've against Ms. Hardesty and Ms. McFarland, so there were no issues to address in that regard. And the motion for summary judgment does argue that notwithstanding Mr. Berry's allegations of crude and rude behavior in the instance of one verbal threat does not give rise to a constitutional violation. And that argument is consistent both in the district court and here before this court. But he does allege that he was sanctioned and harassed and given discipline for filing the complaints and that would clearly be a violation, right? With respect to a retaliation claim, but there are no retaliation claims in this case. The only claim alive in this matter involves a failure to protect Mr. Berry from an incident that he alleges occurred with inmate Brannan. If I may reserve the remainder of my time for rebuttal. Certainly. Thank you. Morning, Professor LaPierre. Would you like to introduce your student? Good morning, please, the court. I am Bruce LaPierre. My colleague Brian Walsh and I represent Mr. Willard Berry. And today, Ms. Hannah Beard, a Washington University Law School student, will argue on behalf of Mr. Berry. We're glad to welcome her. Good morning. May it please the court. This court should dismiss the appeal for lack of denied summary judgment on the merits under the principles of Rule 56. And such orders denying summary judgments on the merits are not immediately appealable to this court. But unlike Ferguson, it did actually mention qualified immunity and applied some of the facts to a qualified immunity standard in that footnote, didn't it? It's correct that the district court mentioned qualified immunity, but it was not able to apply the broad principles of qualified immunity to the facts of this case. Because the Arkansas officials in their motion for summary judgment did not make either prong of the two-pronged qualified immunity analysis. The district court addressed qualified immunity only in a footnote to its holding that denied summary judgment on the merits under Rule 56. In their motion for summary judgment, the Arkansas officials did not argue that no constitutional violation occurred. They argued only that Mr. Berry failed to present sufficient evidence to show that the officials knew of the threats against him. And most importantly for the jurisdictional issue today, they did not argue that the law at the time of their conduct was not clearly established. In the footnote, the district court went out of its way to address these issues, but it did not have a reasoned denial of qualified immunity. And only in a footnote addressed the issue after deciding to deny summary judgment on the merits. In their motion for summary judgment, the Arkansas officials did not even expressly raise qualified immunity. They incorporated their brief in support, which mentioned qualified immunity. But again, it only set out the qualified immunity standard and made the evidence sufficiency argument that Mr. Berry's narrative was patently baseless. They did not make either prong of the qualified immunity argument, which was necessary in order for the court to deny qualified immunity in a reasoned way and for this court to have meaningful appellate review. The appellant's argument today is at bottom, that all they need to do is mention the word qualified immunity in order for this court to have appellate review. But that argument directly contradicts Ferguson v. Short. In Ferguson, the court held that it will not exercise jurisdiction where the district court order reads like an ordinary summary judgment ruling, deciding if there are factual disputes. But the footnote does deal with both prongs of qualified immunity. Your Honor, qualified immunity as an affirmative defense, it was the requirement for the Arkansas officials to raise both prongs of those arguments. Here, the footnote addresses whether or not the law at the time of the conduct was clearly established. But again, this is the district court going out of its way to cover that portion of the argument, which the officials did not make. Nowhere do they argue, even before the court today, they do not argue that the law at the time of their conduct was not clearly established. So in that way, we lack a reasoned denial of qualified immunity. And as I was mentioning, in Ferguson, the court held that it will not exercise jurisdiction where the opinion reads like an ordinary summary judgment ruling, which is exactly the situation that is before the court today. The district court's eight-page opinion reads like an ordinary summary judgment ruling, and the district court correctly found that the Arkansas officials' evidence left important facts in dispute regarding multiple other incidents that Mr. Berry alleged after and not addressed at the October 6th meeting. By not addressing qualified immunity, excuse me, by not arguing qualified immunity sufficiently in a way that Ferguson held the defendants must do, the district court was denied of the opportunity to apply qualified immunity in a way for each individual defendant, as this court has held is necessary. The officials only raised one broad statement of qualified immunity for all officials, and it was denied of the opportunity to raise qualified immunity at the outset. Judge Grundert, during counsel's argument, you asked if the Arkansas officials were aware of the risks that Mr. Berry faced, and if they were, would that make out a constitutional violation? And it absolutely would. And in this case, Mr. Berry alleged exactly that, and the Arkansas officials failed to respond. She cited three incidences, and maybe there are more, but at least the way they were characterized raises a question in my mind as to whether those rise to the level of putting the defendants on notice that there's a substantial, serious risk of harm here. Well, first, your honor, on page five of... Do you have a case with similar facts that say that that does rise to the level? I would point the court to Young v. Selk, which is this court's decision where an inmate notified officials of threats against him, and because of the failure to respond in any way or investigate those risks, the court held that they violated the inmates' eighth amendment right to constitutional protection from harm at the hands of the other inmates. In addition, the Arkansas officials on page five of their brief and support assumed a substantial risk of harm to Mr. Berry. They conceded for purposes of their motion for summary judgment that Mr. Berry did, in fact, face a substantial risk of harm. They argued that they responded reasonably to that risk of harm, but again, that argument in Mr. Berry's complaint, he alleges specifically that Mr. Doss knew, Ms. McFarland knew, Hardesty knew, they all know I fear for my safety and health here, and that's on A-9 in the addendum, and the Arkansas officials responded only with the affidavit of defendant Doss. They did not respond with the affidavits or any statements about the knowledge of Ms. McFarland or Ms. Hardesty, despite that clear allegation from Mr. Berry. In addition, even the declaration of Mr. Doss responded only up to the events of October, the events leading to October 6th. Council mentioned the incident with Resident Brewer in which, and this was on October 22nd. Ms. Hodge says that there was no no allegations or evidence that Hardesty and McFarland knew of the post-October 6th incidents. Is that right? That is incorrect, Your Honor. The statement that I just read, in which he alleges that all three defendants knew, come after all of his and it summarizes all of the allegations in his complaint. In addition, he says they knew on 12-12-15, right? I think I'm looking at page A-9. Yes. It says Mr. Doss knew, Mr. McFarland knew, Hardesty knew, security, medical staff knew. Now medical staff's giving me a tough, rough time. Does he actually make any allegations as to the basis of his conclusion that they knew? Yes. Well, as he states there that they all know that he fears for his health and safety. But in addition, so one of the incidents that Mr. Berry alleges is that after October 6th, Ms. Hardesty and Mr. Doss moved Resident Brannon, who was one of the residents who had threatened him, into his pod with him. And that in addition to the incident with Brewer, he alleges specifically that he reported it to Doss and that Doss responded he wanted it squashed. Also on page A-9 of the complaint, you can see in the side margin where it says McFarland knew, specifically about Doss placing the Resident Brannon in his pod with him. So regarding these the Arkansas officials did not move for summary judgment on the point, they argued this point, the merits point, that they argued that these facts do not, are insufficient to make out a claim. But that's not the qualified immunity argument that was required, that the law at the time of their conduct was not clearly established. So again, Mr. Berry's position is that these kinds of questions are not appealable to this court. What's appealable to this court are the purely legal questions of whether or not qualified immunity applies to the facts of this case. In addition, Judge Graz, you made the point during counsel's argument that a verified complaint may operate as a verified declaration and be considered under Rule 56C, and that is correct. Counsel stated that the verified complaint would be a nullity, but that is incorrect. It can still be considered under Rule 56C as a verified declaration. What about the fact that the amended complaint wasn't verified? In this case, your honor, any objection to that point comes too late. The Arkansas officials have relied on both the verified and amended complaints in both of their opening papers and in the reply brief before the court today. And to the extent that the district court relied on the amended complaint, it was harmless error because all of the allegations, both pre-October 6th and post-October 6th, allegations were present in the amended and verified and original complaints. They were just varied only in the level of detail. Counsel mentioned that Ferguson and Washington v. Wilson are distinguishable and do not apply here, but the rationale of those cases apply indisputably because the court there held that where the defendants fail to raise qualified immunity in a way that allows the district court to rule on it in a reasoned way, the defendants will not be rewarded with appellate jurisdiction based on a brief cameo appearance of qualified immunity. In Ferguson, the court remanded for consideration over whether the defendants in that case raised qualified immunity with sufficient detail and with sufficient citations to record evidence to allow the court to rule on the matter. Here, no such remand is necessary because the Arkansas officials did not cite undisputed record evidence even once in their qualified immunity argument. And again, unlike in Ferguson where the court found that references to the two-prong qualified immunity argument were peppered throughout the motion for summary judgment, here the Arkansas officials failed to make either prong of the qualified immunity argument. If the court has no further questions, Mr. Berry asks that you dismiss this appeal for lack of comment. Very well. Thank you, Ms. Beard. Thank you. I am short on time. I'll try to address the court's questions very quickly. Your honor, even if this court considered docket entry number two as a verified complaint in order to controvert the motion for summary judgment, there are absolutely no allegations in docket entry two establishing Hardesty and McFarland's knowledge of any event post-October 6th. Well, let me ask you this. The district court has to take the motion as you file it. And you said for purposes of the motion, we're going to assume a serious risk of harm. So that's off the whether Hardesty, McFarland, and Doss responded appropriately. You don't say in the motion they didn't know. You just said all their responses were appropriate. Your honor, the appellants don't concede that their assumption for argument purposes in the motion that there's a substantial risk of harm means that his allegations post-October 6th established a substantial risk of harm. They do not. The one crude gesture and one threat does not as a matter of law. But that's not what you argued. I mean, don't we have to take what you argue? And even on your motion for qualified immunity, you say plaintiffs do not demonstrate they ignored his complaints. You don't say qualified immunity because it doesn't rise to the level of serious harm. That's the sum total of your argument for qualified immunity. They didn't ignore his complaints. Before addressing qualified immunity, the motion for a summary judgment brief does address that there is no Eighth Amendment violation. And that argument is taken up first because if you don't have an Eighth Amendment violation, then under the qualified immunity analysis, Mr. Berry doesn't establish the violation of a constitutional right. The lack of knowledge is still important because if they don't have knowledge of a threat of harm, then there is no duty for them to respond. And so the argument is still is consistent that if they don't have knowledge of any threat or any constitutional violation or excessive risk of harm, and it has to be a substantial risk of harm, which is why this court has opined that threats don't give rise to a constitutional violation. I mean, I don't want to be argumentative, but that's not what you said in the motion. The motion you say, at best, it makes a prima facie case. You then go on to say, well, it barely meets the standard. But for purposes of the motion, you'll assume that there's a constitutional violation. Yes, Your Honor. That's what you told the district court. So now you're saying the district court shouldn't have motion as you wrote it. The facts, notwithstanding that, Your Honor, the facts don't demonstrate that they fail to respond to a substantial risk of harm or an excessive risk of harm. And I'm tying that statement to the fact that the complaint doesn't demonstrate any actual knowledge on behalf of Hardesty and McFarland. And there is one sole allegation against Doss, and that is that October 22nd incident. So even for argument purposes, they were not subjectively, deliberately indifferent, which that prong of the qualified immunity analysis is raised before the district court. Very well. I think we have your argument. Thank you, Your Honor. Just briefly, the appellants would ask that the court reverse the decision of the district court and award them qualified immunity. Thank you. Ms. Beard, I assume that was your first argument. Yes, Your Honor. Well done. We'll ask Professor LaPierre to give you extra credit for leaving time on the board, especially on a long day like today. Ms. Hodge, good job as usual. Thank you, Your Honor. Case will be submitted and decided in due course.